UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ERIC ROBBINS,

                              Plaintiff,

                                      **DECISION AND ORDER**
                                              09-CV-1030A

       v.

VIKING RECOVERY SERVICES LLC,

                              Defendant.

---

## INTRODUCTION

Plaintiff Eric Robbins filed a complaint in this case on November 30, 2009, accusing defendant Viking Recovery Services, LLC, of multiple violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p. Plaintiff served defendant with a summons and complaint, but defendant failed to answer or appear. On April 29, 2010, plaintiff filed a motion for default judgment seeking statutory damages along with costs and fees. Given the allegations that defendant is deemed to have admitted by default, and given the itemization of costs and fees that plaintiff has submitted, the Court awards damages along with costs and fees as described below.

## BACKGROUND

This case concerns defendant's conduct in attempting to collect on an alleged consumer debt. Because defendant did not appear in the case, and

because the complaint does not contain a lot of background information, details concerning this debt are not available to the Court. For example, the Court cannot determine from the information available what kind of debt defendant attempted to collect and whether it communicated that information to plaintiff; whether plaintiff acknowledges owing any kind of debt, and if so, whether he agrees with defendant's characterization of it; and whether the parties dispute the amount of the debt in question. Nonetheless, the complaint does allege that defendant continually called plaintiff demanding payment for this debt. Defendant's calls included calls to plaintiff's place of employment. At one point, plaintiff's boss contacted defendant and told defendant not to call plaintiff's place of employment, to which defendant allegedly replied that it would continue to call as much as it wanted. When calling plaintiff's place of employment, according to the complaint, defendant informed plaintiff's coworkers that he owed a debt. Defendant allegedly continues its calls to plaintiff—that is, as of the filing of the complaint—and has threatened to garnish plaintiff's wages. In the course of communicating with plaintiff, defendant allegedly committed numerous violations of the FDCPA, including the following: communicating with third parties about the debt in question without plaintiff's authorization; placing calls to plaintiff's place of employment while knowing that such calls are prohibited; harassing and abusive conduct toward plaintiff; and threats to take legal action such as garnishment without any intent actually to do so.

Defendant never answered the allegations in the complaint, let alone within the time required by Rule 12 of the Federal Rules of Civil Procedure ("FRCP"). Accordingly, plaintiff requested an entry of default on February 18, 2010. The Clerk of the Court filed an entry of default on February 19, 2010. On April 29, 2010, plaintiff filed his motion for default judgment. In the motion, plaintiff did not request an evidentiary hearing and did not seek actual damages. Plaintiff instead sought statutory damages, actual costs, and attorney fees.

## DISCUSSION

### *Liability*

"Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation. And it tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (citation omitted). Because defendant never answered or otherwise challenged the complaint, all allegations in the complaint are now deemed admitted. Nonetheless, "[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citations omitted). The Court thus must assess what an appropriate award might be, keeping in mind that plaintiff has not requested an evidentiary hearing or actual damages.

Pursuant to FRCP 55(b)(2), the Court will exercise its discretion not to schedule an evidentiary hearing on its own initiative because of the straightforward nature of plaintiff's request for damages, costs, and fees.

### *Statutory Damages*

Section 1692k(a)(2)(A) of the FDCPA provides for statutory damages of up to $1,000 per plaintiff. *See also Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998) ("All that is required for an award of statutory damages is proof that the statute was violated, although a court must then exercise its discretion to determine how much to award, up to the $1,000.00 ceiling.") (citations omitted). Here, plaintiff seeks the maximum amount of statutory damages given the frequency and nature of defendant's harassing conduct. "In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). In this case, defendant is deemed to have admitted to making frequent telephone calls that harassed plaintiff, that involved third parties without authorization, and that targeted plaintiff's place of employment. Defendant's admissions include an admission that it explicitly told plaintiff's employer that it did not care whether the employer prohibited such telephone calls. *See* 15 U.S.C. § 1692c(a)(3) ("[A] debt collector may not communicate with a consumer in connection with the collection

4

of any debt . . . at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication."). Given the willful disregard for the FDCPA that defendant has admitted, the Court finds that an award of statutory damages in the amount of $1,000 is appropriate.

### *Costs and Attorney Fees*

The FDCPA authorizes successful litigants to receive "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). The prevailing plaintiff in an FDCPA action is entitled to an award of reasonable attorneys' fees and expenses regardless of whether any statutory or actual damages are awarded. *See Savino*, 164 F.3d at 87; *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989) (citation omitted). As to how district courts should calculate attorney fees when such an award is appropriate, this Court has noted that

> A reasonable hourly rate is the "prevailing market rate," i.e., the rate "prevailing in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984); *see also Cohen v. W. Haven Bd. of Police Comm'rs*, 638 F.2d 496, 506 (2d Cir. 1980) ("[F]ees that would be charged for similar work by attorneys of like skill in the area" are the "starting point for determination of a reasonable award."). The relevant community, in turn, is the district in which the court sits. *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983).
> Determination of the "reasonable hourly fee" requires a case-specific inquiry into the prevailing market rates for counsel of

of any debt . . . at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication."). Given the willful disregard for the FDCPA that defendant has admitted, the Court finds that an award of statutory damages in the amount of $1,000 is appropriate.

### *Costs and Attorney Fees*

The FDCPA authorizes successful litigants to receive "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). The prevailing plaintiff in an FDCPA action is entitled to an award of reasonable attorneys' fees and expenses regardless of whether any statutory or actual damages are awarded. *See Savino*, 164 F.3d at 87; *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989) (citation omitted). As to how district courts should calculate attorney fees when such an award is appropriate, this Court has noted that

> A reasonable hourly rate is the "prevailing market rate," i.e., the rate "prevailing in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984); *see also Cohen v. W. Haven Bd. of Police Comm'rs*, 638 F.2d 496, 506 (2d Cir. 1980) ("[F]ees that would be charged for similar work by attorneys of like skill in the area" are the "starting point for determination of a reasonable award."). The relevant community, in turn, is the district in which the court sits. *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983).
> Determination of the "reasonable hourly fee" requires a case-specific inquiry into the prevailing market rates for counsel of

similar experience and skill to the fee applicant's counsel. *Farbotko v. Clinton County of New York*, 433 F.3d 204, 209 (2d Cir. 2005). This inquiry may include judicial notice of the rates awarded in prior cases, the court's own familiarity with the rates prevailing in the district, and any evidence proffered by the parties. *Id.* The fee applicant has the burden of showing by "satisfactory evidence" that the requested hourly rate is the prevailing market rate. *Blum*, 465 U.S. at 896 n.11.

*Fontana v. C. Barry & Assocs., LLC*, No. 06-CV-359, 2007 WL 2580490, at *2 (W.D.N.Y. Sept. 4, 2007) (Arcara, *C.J.*).

The Second Circuit revisited case law governing attorney fee calculations last year and explained that

> In [*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110 (2d Cir. 2007), *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008)], we undertook to simplify the complexities surrounding attorney's fees awards that had accumulated over time under the traditional "lodestar" approach to attorney's fees (the product of the attorney's usual hourly rate and the number of hours worked, which could then be adjusted by the court to set "the reasonable fee"), and the separate "Johnson" approach (a one-step inquiry that considered twelve specified factors to establish a reasonable fee). 493 F.3d at 114. Relying on the substance of both approaches, we set forth a standard that we termed the "presumptively reasonable fee." *Id.* at 118. We directed district courts, in calculating the presumptively reasonable fee, "to bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Id.* at 117 (emphasis in original). The presumptively reasonable fee boils down to "what a reasonable, paying client would be willing to pay," given that such a party wishes "to spend the minimum necessary to litigate the case effectively." *Id.* at 112, 118.

*Simmons v. N.Y. Trans. Auth.*, 575 F.3d 170, 174 (2d Cir. 2009).

Here, counsel for plaintiff have submitted an itemization of hours spent on this case. In reviewing the affirmations, the Court finds that the hours claimed appear reasonable. In assessing whether a reasonable, paying client looking to

6

minimize expenses would be willing to pay for the hours claimed here, the Court bears in mind the provision of the FDCPA awarding attorney fees to successful litigants. Without that provision, a reasonable, paying client likely would not spend more in costs and fees than receive in a statutory damages award. Factoring in that provision, however, a reasonable, paying client likely would endorse the investment of time that counsel claim here. Counsel spent only 8.6 hours litigating the entire case, less than the time that the Court considered reasonable in recent FDCPA cases that also ended with a default judgment. *See, e.g., Berry v. Nat'l Fin. Sys., Inc.*, No. 08-CV-18, 2009 WL 2843260, at *5 (W.D.N.Y. Aug. 27, 2009) (Arcara, *J.*) (approving a claim of 25.1 attorney hours); *Fontana*, 2007 WL 2580490, at *3 (approving a claim of 22.6 attorney hours and 4.0 paralegal hours). Where a debt collector fails to appear in an FDCPA case, meaning that judgment as to liability is assured and an award of attorney fees is likely, a reasonable, paying client likely would want counsel to prosecute the case to a successful resolution.

Because counsel for plaintiff did not explicitly propose any hourly rates to apply to their itemization of hours, the Court will apply the hourly rates used in prior FDCPA cases. Recent cases in this District set reasonable attorney rates in debt collection cases at $215 per hour for partners, $180 per hour for associates, and $50 per hour for paralegals. *See Clark v. Brewer, Michaels & Kane, LLC*, No. 09-CV-188, 2009 WL 3303716, at *3 (W.D.N.Y. Oct. 14, 2009) (Arcara, *C.J.*);

7

*Berry v. Nat'l Fin. Sys., Inc.*, No. 08-CV-18, 2009 WL 2843260, at *6 (W.D.N.Y. Aug. 27, 2009) (Arcara, *C.J.*); *Miller v. Midpoint Resolution Group, LLC*, 608 F. Supp. 2d 389, 395 (W.D.N.Y. 2009) (McCarthy, *M.J.*). Applying these hourly rates yields the following calculations:

- 3.6 hours for Adam Krohn at $215 per hour, for a total of $774.00;

- 1.5 hours for Adam Hill at $180 per hour, for a total of $270.00; and

- 3.5 hours for paralegals at $50 per hour, for a total of $175.00.

Total attorney and paralegal fees, accordingly, add up to $1,219.00. Additionally, the Court endorses plaintiff's proposal to include in the amount of damages the cost of filing the complaint. All costs and fees thus amount to $1,569.00. Adding in the $1,000 award for statutory damages yields a total damages award of $2,569.00.

## CONCLUSION

For all of the foregoing reasons, the Court awards plaintiff $1,000 in statutory damages and $1,569.00 in costs and fees, for a total of $2,569.00.

The Clerk of the Court is directed to close this case.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: May 7, 2010